| | |
|---|---|
| 1 | SEDGWICK, DETERT, MORAN & ARNOLD LLP |
|   | STEPHANIE SHERIDAN  Bar No. 135910 |
| 2 | MICHAEL N. WESTHEIMER  Bar No. 178938 |
|   | One Market Plaza |
| 3 | Steuart Tower, 8th Floor |
|   | San Francisco, California 94105 |
| 4 | Telephone: (415) 781-7900 |
|   | Facsimile: (415) 781-2635 |
| 5 | Email: stephanie.sheridan@sdma.com |
|   |         michael.westheimer@sdma.com |
| 6 | |
|   | Attorneys for Defendant |
| 7 | TUMI, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTOR GAMALY, individually and on behalf of himself and all others similarly situated, | CASE NO. C07-04758 JF |
| Plaintiff, | DEFENDANT TUMI, INC.'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | [Request for Judicial Notice Filed Concurrently] |
| TUMI, INC., DOES 1 THROUGH 10, | Date:     January 4, 2008 |
| Defendant. | Time:     9:00 a.m. |
|   | Judge:    Hon. Jeremy Fogel |
|   | Ctrm:     3, 5th Floor |

TO PLAINTIFF VICTOR GAMALY AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 4, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-captioned Court, located at 280 South 1st Street, 5th Floor, San Jose, California, 95113, Defendant Tumi, Inc. ("Defendant" or "Tumi") will and hereby does move for an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing the action brought by Plaintiff Victor Gamaly ("Plaintiff") alleging willful violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), which is part of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

This motion is made on the ground that Plaintiff has failed to state a claim upon which relief can be granted because the allegations in the Complaint are insufficient as a matter of law

to state a claim of willful violation of FACTA under the federal pleadings requirements. This motion is based on this Notice of Motion and the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice and the exhibits thereto filed herewith, the Proposed Order lodged herewith, the Complaint and other documents filed in this action, and on such other and further matters as may be presented to the Court at or prior to the hearing.

DATED: November 19, 2007     SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: /s/
Stephanie Sheridan
Michael N. Westheimer
Attorneys for Defendant
TUMI, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

This lawsuit is among scores of identical class action lawsuits filed around the country consisting of boilerplate allegations of "willful" violations of a recent amendment to the FCRA known as FACTA. Specifically, FACTA provides, *inter alia*:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1).

Plaintiff alleges in this action that he received a receipt from Defendant that properly truncated his credit card number (i.e. not printing the entire credit card number) in compliance with FACTA, but that violated FACTA by including his credit card expiration date. *See* Plaintiff's Complaint, para. 11. Although Plaintiff makes sweeping allegations of potential exposure to an increased risk of identity theft, he admits that no such harm actually occurred to him or any putative class member. In fact, he concedes that any actual damages as a result of Defendant's alleged conduct are "small and hard to quantify" and thus does not seek to recover actual damages in the litigation. *See* Plaintiff's Complaint, para. 30, Prayer for Relief.

Plaintiff instead claims that Defendant's alleged conduct entitles him to remedies under the FCRA for a "willful" violation of FACTA. A person that "willfully" violates the FCRA may be liable to a consumer for either actual damages or statutory penalties ranging from $100 to $1,000, as well as attorney's fees. *See* 15 U.S.C. § 1681n(a). Here, because Plaintiff does not allege that he or any putative class member suffered any actual damages he instead asserts that Defendant committed a "willful" violation of FACTA and that he is entitled to statutory damages on that basis.

Of significance, however, is the fact that Plaintiff's complaint fails to plead even a single fact specific to Tumi to support his claim. Plaintiff's conclusory, bald allegations of willful violations are insufficient to raise the right to recover statutory penalties above a merely speculative level. In light of the Supreme Court's recent opinion in Bell Atlantic Corp v. Twombly, 550 U.S. __, 127 S. Ct. 1955 (May 21, 2007), Plaintiff is not permitted to rely on speculative and conclusory allegations. Here, Plaintiff's claims of willful violations are merely speculative allegations pled completely "on information and belief" that are not specifically even attributable to this Defendant. *See* Plaintiff's Complaint, p. 1, Introductory Paragraph ("Upon personal knowledge as to her [sic] own acts and status, *and upon information and belief as to all other matters*, Plaintiff alleges the following:"). These boilerplate allegations do not support a plausible inference that Defendant willfully violated FACTA, nor are they sufficient to meet the Supreme Court's recently clarified standard.

Finally, recognizing the problems created with some of the inartful wording in FACTA and the resulting mass litigation despite no damages to anyone, an amendment to FACTA is currently making its way towards becoming law. If passed, HR 4008 would make this case, and most every other FACTA case moot. Significantly, that law is called the Credit and Debit Card Receipt *Clarification* Act (emphasis added), which seeks to clarify that any retailer who left expiration dates on receipts would not be in willful noncompliance of FACTA.

///
///
///

## II. ARGUMENT

### A. Under *Bell Atlantic*, a valid claim requires plausible, non-speculative factual allegations sufficient to establish entitlement to the requested relief

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." In Bell Atlantic v. Twombly, *supra*, 550 U.S. __, 127 S. Ct. 1955 (2007), the Supreme Court upheld the district court's dismissal of the Plaintiffs' complaint for failure to allege enough facts to state a claim that was "plausible on its face." *Id.* at 1974.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65.[1] The Court further stated that "a conclusory allegation of [an element of the claim] at some unidentified point does not supply facts adequate to show illegality." *Id.* at 1966. Similarly, other courts have also refused to accept "bald assertions, subjective characterizations and legal conclusions" of willfulness that are not supported by real facts. *See* DM Research, Inc. v. College of Am. Pathologists, 170 F.3d 53, 56 (1st Cir. 1999) (quoting Watterson v. Page, 987 F.2d 1, 2 (1st Cir. 1993)). Thus, under these stricter pleading standards, a valid claim under the Federal Rules of Civil Procedure requires allegations of facts that present the elements of the cause of action beyond mere speculation.

//
//
//
//

---

[1] The Supreme Court previously held that a pleading is sufficient "unless it appears beyond doubt that the plaintiff can provide no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957). In supplanting that standard, the Supreme Court held in Bell Atlantic that: "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough." Bell Atlantic, 127 S. Ct. at 1969 ("after puzzling the profession for 50 years, this famous observation has earned its retirement").

**B.  Plaintiff fails to plead sufficient facts to support a claim of willful violation of § 1681c(g) by Tumi**

1. Under the Supreme Court's recent decision in *Safeco*, concrete allegations are necessary to maintain a claim of "willful" violation of FACTA

The Supreme Court recently established a high standard to allege a claim of a "willful" violation under FCRA. Specifically, the Supreme Court held that the term "willful," as used in FCRA, means a knowing or reckless disregard of the law. Safeco Ins. Co. v. Burr, 551 U.S. __, 127 S. Ct. 2201, 2207 (June 4, 2007). In Safeco, the Supreme Court held that "the common law has generally understood [the term recklessness] in the sphere of civil liability as conduct violating an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* at 2215 (quoting Farmer v. Brennan, 511 U.S. 825, 836, 114 S. Ct. 1970 (1994)). "It is this high risk of harm, objectively assessed, that is the essence of recklessness at common law." *Id.* at 2215. "There being no indication that Congress had something different in mind, we have no reason to deviate from the common law understanding in applying the statute." *Id.*[2]

2. Plaintiff's Complaint should be dismissed because his speculative, conclusory allegations of willfulness are deficient under the *Bell Atlantic* pleading standard

In this case, Plaintiff's Complaint relies entirely on speculation and cannot satisfy the pleading standards enunciated in Bell Atlantic nor establish the elements of a FACTA claim required under Safeco. The totality of Plaintiff's allegations of a willful violation by Tumi are summarized as follows:

Plaintiff pleads that, "years ago, VISA, MasterCard, and other entities . . . began informing retailers of the need to truncate credit and debit card information to comply with various state laws, with VISA and MasterCard policies and/or regulations, and/or with FACTA." *See* Plaintiff's Complaint, para. 10. The Complaint fails, however, to connect this information

---

[2] The Credit and Debit Card Receipt Clarification Act, currently pending in Congress, seeks to clarify the statutory language pertaining to "willful" violations. H.R. 4008, 100th Cong. (2007); *see infra* Part II.D.

specifically to Tumi. Instead, Plaintiff proceeds to make the conclusory, speculative allegations on information and belief that Defendant "knowingly and intentionally . . . or at a minimum [with] reckless[] disregard[]" ignored these warnings and laws without demonstrating any link between Defendant and this alleged information. *See* Plaintiff's Complaint, para. 10, 15.

Plaintiff's only other allegations of willful noncompliance are similarly speculative and conclusory. Based on his experience with a single receipt, Plaintiff conjectures:

> Plaintiff believes and thereon alleges that Tumi's conduct was pursuant to Tumi's policies, routine practices, procedures and customs for electronically printing receipts, at least with respect to certain stores and/or Cash Registers which inexcusably failed to comply with the law.

*See* Plaintiff's Complaint, para. 28. Plaintiff also makes vague, unsupported allegations that other unidentified companies allegedly issued receipts that did not include expiration dates. *See* Plaintiff's Complaint, para. 10. These boilerplate allegations are purely speculative and do not raise more than the "mere possibility of relief." As such, they fall well short of the Bell Atlantic pleadings requirements.

As a result, the Court should dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). As discussed above, under the Bell Atlantic pleading standard, a Plaintiff must allege specific facts, and not mere speculation to support a claim. *See* Bell Atlantic, 127 S. Ct. at 1965. Plaintiff in the present case, however, has not alleged any such facts to establish a claim for a willful violation of FCRA. Under Safeco, Plaintiff must allege facts to support either a knowing violation or reckless disregard of the statute. *See* Safeco, 127 S. Ct. at 2207. Plaintiff's Complaint, conversely, provides no basis for such a claim. Rather, Plaintiff merely states that Defendant acted knowingly or with reckless disregard, yet fails to plead any basis whatsoever for Defendant's alleged knowledge thereof. *See* Plaintiff's Complaint, para. 10, 28. Such bare allegations that are clearly not based on any facts reveal Plaintiff's inability to support a claim of willful violation. *See* Bell Atlantic Corp., 127 S. Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above a speculative level[.]"). Because

///

///

SF/1463146v1

-6-   CASE NO. C07-04758 JF
DEFENDANT TUMI, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff has not sufficiently pled that Tumi willfully violated FACTA, this Court must dismiss Plaintiff's Complaint for failure to state a claim.[3]

### C. Plaintiff's allegations as to other companies have no bearing on Tumi and are ineffective attempts to circumvent the applicable pleading standards

Plaintiff's Complaint includes an allegation of willful noncompliance with FACTA requirements based in part on the alleged compliance of other unidentified companies. Those allegations similarly do not establish a valid claim against Tumi. For example, Plaintiff claims that "most business and retail companies in the United States – particularly large, sophisticated entities like Defendants – elected to take the steps needed to replace, modify or re-program their Cash Registers in order to comply with the law." *See* Plaintiff's Complaint, para. 10. The allegations are pure innuendo and speculation, and are not conclusive of the other companies' knowledge of FACTA. Further, this does not have any direct bearing on Tumi. Lacking any specific facts to allege against Tumi to establish any willful violations, Plaintiff attempts to impute willfulness on Tumi simply by virtue of alleged compliance by other unspecified retailers. Precisely, because Plaintiff does not allege any facts that demonstrate a "willful" violation by Tumi, the allegations involving other undisclosed "retailers" are not only ineffective, they underscore the dearth of factual support available to sustain Plaintiff's suit.

Additionally, Plaintiff's allegations with respect to other companies are belied by the fact that over 250 other class action complaints have been filed across the country against scores of other major retailers for alleged violations of FACTA. *See* Defendant Tumi, Inc.'s Request for Judicial Notice in Support of Motion to Dismiss, Exhibit A. Obviously, just like Tumi, these other companies simply were unaware of FACTA's requirement regarding expiration dates and any violations were merely technical and certainly not willful. The fact also remains that no one has been able to show <u>any</u> damages from any purported FACTA violations.

---

[3] Importantly, dismissal of this action would not leave Plaintiff without recourse. If Plaintiff had alleged that Tumi violated FACTA but did not do so willfully, he could still seek remedies for alleged negligent violation of FACTA under 15 U.S.C. § 1681o. What Plaintiff cannot do, however, is state a speculative claim premised solely on willful violation under 15 U.S.C. § 1681n, so dismissal here is proper.

SF/1463146v1

-7-    CASE NO. C07-04758 JF
DEFENDANT TUMI, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

As such, Plaintiff has failed to allege any facts that establish a "willful" violation of FCRA by Tumi.

**D.   Recently introduced legislation supports Tumi's argument that there is no "willful" violation in this case**

On October 30, 2007, the Credit and Debit Card Receipt Clarification Act of 2007 was introduced into Congress. H.R. 4008, 100th Cong. (2007); see Defendant Tumi, Inc.'s Request for Judicial Notice in Support of Motion to Dismiss, Exhibit B. **The bill is based on findings that a substantial percentage of major retailers believed FACTA required them to truncate a consumer's account number only, and that experts agree that truncating the account number, regardless of the inclusion of the expiration date, is sufficient to protect consumers from identity theft.** Id. If enacted, the bill would clarify the term "willful noncompliance" under the FCRA to exclude any person who printed a receipt with an expiration date so long as the account number was truncated in accordance with FACTA. Id. This amendment will apply to any action brought from a violation of FACTA that has not become final. Id. Although this bill is still pending, if passed it would conclusively resolve the issues presented in this lawsuit in Defendant's favor. Finally, the fact that this amendment seeks to specifically clarify the meaning of "willfulness" in the statute, which is contrary to the interpretation Plaintiff posits, offers further support for the Court to grant Defendant's Motion to Dismiss.

## III.   CONCLUSION

For all of the foregoing reasons, Defendant Tumi respectfully requests that this Court issue an order dismissing the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) due to Plaintiff's failure to state a claim.

DATED: November 19, 2007     SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____/s/_____
Stephanie Sheridan
Michael N. Westheimer
Attorneys for Defendant
TUMI, INC.

