Pierce Gore (State Bar No. 128515)
GORE LAW FIRM
900 East Hamilton Avenue
Suite 100
Campbell, CA 95008
Telephone: (408) 879-7444
Facsimile: (408) 376-0757
Email: *piercegore@gorelawfirm.com*

(Additional counsel listed on signature page)

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTOR GAMALY, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TUMI INC.; Does 1 through 10,<br><br>Defendants. | Case No. C07-04758 JF<br><br>**PLAINTIFF'S OPPOSITION TO TUMI INC.'S MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff Victor Gamaly opposes Tumi Inc.'s ("Tumi's") motion to dismiss the Complaint. The Complaint describes Tumi's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*., as amended by the Fair and Accurate Transactions Act ("FACTA"). FACTA addresses the nationwide crime of identity theft and prohibits disclosure of consumers' private information. FACTA prohibits persons who accept credit or debit cards for the transaction of business from printing more than the last five digits of the account number, or the expiration date, on electronically printed receipts provided to consumers. *See* 15 U.S.C. § 1681c(g). Plaintiff filed this action individually and on behalf of a national class of consumers to whom Tumi provided a receipt that violated FACTA.

Tumi moved to dismiss the Complaint on two purported grounds: (1) the Complaint fails to sufficiently allege that Tumi willfully violated FACTA; and (2) pending Congressional legislation, if passed as introduced, will moot Plaintiff's claim against Tumi. Tumi's arguments are unavailing. First, the Complaint adequately pleads Tumi's violations of FACTA. Courts in this district and others, both before and after the Supreme Court's opinions in *Safeco Ins. Co. of Am. v. Burr* and *Bell Atlantic Corp. v. Twombly*, have refused to dismiss claims substantially similar to Plaintiff's. Second, existing law, not pending legislation, is the standard against which claims are evaluated on a motion to dismiss pursuant to Rule 12(b)(6). Indeed, pending legislation is irrelevant, unless and until it becomes law.

Accordingly, the Court should deny Tumi's motion, or alternatively, grant Plaintiff leave to amend.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Dismissal can be based on the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). The issue is not whether the non-moving party will ultimately prevail but whether it is entitled to offer evidence to support the claims asserted. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). The court's review is limited to the face of the complaint and documents referenced in the complaint. *See Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991). When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

Most recently, in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ("*Twombly*"), the Supreme Court held that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Id.* at 1965. Indeed, "a well–pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Id.*

### III. **PLAINTIFF HAS SUFFICIENTLY PLEADED TUMI'S WILLFUL VIOLATION OF FACTA.**

Tumi argues that Plaintiff "fails to plead even a single fact specific to Tumi to support his claim" that Tumi willfully violated FACTA (Tumi Mem. at 3), and that *Twombly*'s "stricter pleading standards" mandate dismissal of FACTA claims such as Plaintiff's. Tumi Mem. at 4. Both arguments are incorrect, and motions to dismiss such has Tumi's have been routinely denied, both in this district and nationwide, both before and after *Twombly*.

#### A. **The Fair and Accurate Credit Transactions Act**

The Federal Trade Commission ("FTC") estimates that as many as 9 million Americans have their identities stolen each year.[1] In 2006 alone, Consumer Sentinel, the complaint database developed and maintained by the FTC, received over 670,000 consumer fraud and

---

[1] *See* Federal Trade Commission, "About Identity Theft," available at http://ftc.gov/bcp/edu/microsites/idtheft/consumers/about-identity-theft.html, last accessed November 23, 2007; attached as Exhibit A to Plaintiff's Request For Judicial Notice in Opposition to Motion to Dismiss.

identity theft complaints.[2] A quarter of the cases reported to the FTC in 2006 occurred through credit card fraud.[3]

In 2003, Congress enacted FACTA to assist in the prevention of identify theft and credit/debit card fraud. Specifically, Section 1681c(g) of FACTA provides as follows:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction. 15 U.S.C. § 1681c(g).

In order to allow a reasonable time period for compliance, merchants who accept credit/debit cards were given up to three years to comply with the requirements of FACTA, which required full compliance no later than December 4, 2006. Willful non-compliance results in statutory penalties ranging from $100.00 to $1,000.00 per violation. 15 U.S.C. § 1681n(a)(3).

Although Tumi had three years to comply with FACTA, Tumi willfully violated FACTA and failed to protect Plaintiff and others similarly situated against identity theft and credit/debit card fraud by continuing to print the expiration date on the receipts provided to consumers transacting business with Tumi.

**B.  The Allegations of Plaintiff's Complaint**

In order to be willful for purposes of 15 U.S.C. § 1681(n)(a), a defendant's violation of FACTA must have been either knowing or reckless. *See Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201, 2208 2210 (2007). The term reckless refers to "conduct violating an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. at 2215.

---

[2] *See* Federal Trade Commission, "Consumer Fraud and Identity Theft Complaint Data, January – December 2006," p. 2, available at http://www.consumer.gov/sentinel/pubs/Top10Fraud2006.pdf, last accessed November 23, 2007; attached as Exhibit B to Plaintiff's Request For Judicial Notice in Opposition to Motion to Dismiss.

[3] *Id*. at p. 3.

In his Complaint, Plaintiff pleaded that FACTA was enacted in 2003, giving Tumi ample notice and opportunity to comply. (Complaint at ¶¶ 1, 9, 10). Plaintiff alleged that, despite more than ample notice, Defendant violated the consumer privacy provisions of FACTA. (Complaint at ¶¶ 13-15). Indeed, Plaintiff's Complaint specifically alleged:

> This is a class action against Tumi Inc. pursuant to the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681 *et seq.* ("FACTA"), which Congress enacted in 2003 to aid in the prevention of identity theft and credit/debit card fraud. Plaintiff, Victor Gamaly, individually and on behalf of all others similarly situated, brings this action against Tumi Inc. and Does 1-10 (collectively "Defendants") based on Defendants' practice of violating 15 U.S.C. §1681c(g), a provision of FACTA, which provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." (Emphasis added.) As used herein, the phrase "Prohibited Information" refers to the information that 15 U.S.C. §1681c(g) prohibits from being printed on receipts - i.e., more than the last five digits of the credit card or debit card number or the expiration date of the card. Despite having had several years to bring themselves into compliance with the law, Defendants have willfully and repeatedly violated §1681c(g) by printing Prohibited Information on credit card and debit card receipts provided to thousands of consumers. Based on these violations, Defendants are liable to Plaintiff and the proposed class of other similarly situated consumers, pursuant to 15 U.S.C. §1681n.

(Complaint at ¶ 1).

> Section 1681c(g), by its express terms, became effective on December 4, 2004 with respect to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions" (collectively referred to herein as "Cash Register" or "Cash Registers") that was "first put into use on or after January 1, 2005." (For practical purposes, the statute became effective January 1, 2005 with respect to such Cash Registers.) With respect to Cash Registers that were in use before January 1, 2005, the statute did not become effective until December 4, 2006. Thus, Congress gave companies that were using Cash Registers put into use before January 1, 2005 significant additional time to comply with FACTA with respect to those Cash Registers. By contrast, with respect to Cash Registers first put into use on or after January 1, 2005, Congress imposed liability immediately.

(Complaint at ¶ 9).

> In addition, years ago, VISA, MasterCard, and other entities, including Cash Register sellers, began informing retailers of the need to truncate credit and debit card information to comply with various state laws, with VISA or MasterCard policies and/or regulations, and/or with FACTA. Indeed, VISA implemented new operations regulations, applicable to new Cash Registers, as early as July 2003, in

> response to legislation requiring suppression of the expiration date and some digits on cardholder receipts, requiring similar suppression of such information for VISA transactions. Defendants ignored all of these warnings, as well as the requirements of FACTA itself, and continued to print Prohibited Information on customer receipts. In contrast, most business and retail companies in the United States - particularly large, sophisticated entities like Defendants - elected to take the steps needed to replace, modify or re-program their Cash Registers in order to comply with the law.

(Complaint at ¶ 10).

> Since January 1, 2005, and within the applicable statute of limitations period, Tumi printed the expiration date and/or printed more than the last five digits of Class Members' credit card or debit card numbers on the receipts provided to the Class Members at the point of a sale or transaction between Tumi and Class Members. To the extent Tumi did so using Cash Registers that were first put in use on or after January 1, 2005, it violated 15 U.S.C. §1681c(g).

(Complaint at ¶ 13).

> On or after December 4, 2006, Tumi printed the expiration date and/or printed more than the last five digits of Class Members' credit card or debit card numbers on the receipts provided to the Class Members at the point of a sale or transaction between Tumi and the Class Members. Each and every such receipt violated 15 U.S.C. §1681c(g), irrespective of when the Cash Register was put into use.

(Complaint at ¶ 14).

> Tumi's violations, as alleged herein, were not an accident or an isolated oversight. Rather, Tumi knowingly and intentionally continued to use Cash Registers that were not programmed to, or otherwise did not, comply with §1681c(g). Tumi knew that its receipt-printing practice violated the rights of consumers under FACTA, or at a minimum, recklessly disregarded whether its practice contravened consumers' rights and the law. Tumi ignored the law, thereby placing Plaintiff and similarly situated customers at greater risk of identity theft.

(Complaint at ¶ 15). These allegations, together with the allegations specific to Plaintiff, more than adequately plead Tumi's willful violation of FACTA.

### C. Courts Have Uniformly Denied Motions to Dismiss Such As Tumi's.

Courts in this district and nationwide have held that allegations such as those in Plaintiff's Complaint are more than sufficient to state a claim for willful violation of FACTA under Rule 12(b)(6). *See, e.g., Jennifer Lopez v. The Gymboree Corporation,* 2007 U.S. LEXIS

44461 (N.D. Cal. June 8, 2007); *Ehrheart v. Lifetime Brands, Inc.*, 2007 U.S. LEXIS 56763 (E.D. Pa. July 19, 2007); *Follman v. Hospitality Plus of Carpentersville, Inc.*, 2007 U.S. Dist. LEXIS 77440 (N.D. Ill. October 17, 2007); *Iosello v. Leiblys, Inc.*, 2007 U.S. Dist. LEXIS 61630 (N.D. Ill. August 22, 2007) (copies attached as Exhibits C-F to Plaintiff's Request for Judicial Notice).

In *Lopez*, the defendant moved to dismiss under Rule 12(b)(6), arguing that plaintiff had failed to sufficiently allege a willful violation of FACTA. 2007 U.S. LEXIS 44461 at *5. Judge Illston recited plaintiff's allegations of willfulness, which were substantially similar to those in Plaintiff's Complaint against Tumi. *Id.* at 5-6. The court analyzed plaintiff's allegations under the willfulness standard in *Safeco Insurance Company of America v. Geico*, 127 S. Ct. 2201, 167 L. Ed. 2d 1045, 2007 WL 1582951 (U.S. June 4, 2007). Finding that plaintiff's allegations sufficiently alleged a willful violation of FACTA, the court denied defendant's motion to dismiss. *Id.* at *8, 13.

In *Ehrheart*, a post-*Twombly* case, the defendant moved to dismiss the complaint by raising the same argument as Tumi's, i.e., that the "that the Complaint should be dismissed because it does not allege that Defendant willfully failed to comply with Section 1681c(g)." 2007 U.S. LEXIS 56763 at *6. Judge Padova disagreed. According to the *Ehrheart* court:

> The Complaint alleges that FACTA was enacted in 2003. The Complaint further alleges that Defendant knew of, or should have known of FACTA's requirements concerning the truncating of credit card numbers on electronically printed credit and debit card receipts and the prohibition on printing expiration dates because, in the past several years, VISA, MasterCard, the PCI Security Standards Council, companies that sell cash registers and other devices for processing credit and debit card payments and other entities have all informed Defendant of the requirements of FACTA and the Defendant's need to comply with FACTA. The Complaint further alleges that, despite knowing about and having been repeatedly informed about FACTA's requirements regarding the truncating of credit and debit card numbers, and the prohibition on printing expiration dates, on electronically printed receipts, and despite having three years to comply with these requirements, Defendant violated these requirements by printing more than five digits of the credit card number or the expiration date of the credit card on receipts provided to persons with whom Defendant transacts business. We find that the Complaint sufficiently alleges that Defendant's violation of FACTA was either knowing or

>reckless and, accordingly, that the Complaint plausibly alleges that Defendant's violation of FACTA was willful in accordance with 15 U.S.C. 1681n(a).

*Id*. at *6-7 (internal citations omitted).

Likewise, the United States District Court for the Northern District of Illinois denied a Rule 12(b)(6) motion in *Follman v. Hospitality Plus of Carpentersville, Inc*., 2007 U.S. LEXIS 77440 (N.D. Ill. October 17, 2007). As does Tumi, the defendant in *Follman* argued that *Twombly* mandated dismissal of the complaint. *Id*. at *4 n.1. The *Follman* court disagreed and held:

>Plaintiff sufficiently alleges willfulness . . . His complaint alleges that FACTA was enacted in 2003 and gave merchants three years within which to comply with the law's requirements. It alleges that defendant knew of the requirements because VISA, MasterCard and the PCI Security Standards Council informed Defendant about FACTA. In addition, the card-issuing organizations proceeded to require compliance with FACTA in their contracts with merchants before the mandatory compliance date. Finally, most of the defendant's business peers and competitors readily brought their processes into compliance. Yet, defendant failed to comply with FACTA, issuing a credit card receipt to plaintiff containing the expiration date of his credit card. We find these allegations plausibly suggest that defendant willfully violated the statute.

*Id*. at *4. *See also Iosello v. Leiblys, Inc*., 2007 U.S. Dist. LEXIS 61630 (N.D. Ill. August 22, 2007) (post-*Twombly* motion to dismiss denied in a FACTA case with similar allegations as the case at bar).

Tumi fails to cite a single case in which a claim for willful violation of FACTA has been dismissed under Rule 12(b)(6). Accordingly, consistent with the opinions in *Lopez*, *Ehrheart*, *Follan*, and *Iosello* this Court should also find that Plaintiff has alleged sufficient facts to form a plausible allegation that Tumi willfully violated FACTA, and deny Tumi's motion to dismiss.

Alternatively, the Court should grant Plaintiff leave to amend the Complaint. "[W]hen a district court dismisses a complaint for failure to state a claim, granting leave to amend the defective complaint is routine." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005). Leave

to amend "should be granted if it appears at all possible that the plaintiff can correct the defect." *Balistreri*, 901 F.2d at 701 (internal citations omitted).

### IV. EXISTING LAW, NOT PENDING LEGISLATION, SHOULD FORM THE BASIS FOR THE COURT'S DISPOSITION OF A MOTION TO DISMISS UNDER RULE 12(B)(6).

Unable to cite any cases that support dismissal, Tumi invites the Court to judicially notice the Credit and Debit Card Receipt Clarification Act of 2007 (the "Act"), which was introduced into Congress on October 30, 2007. Tumi Mem. at 8. Tumi argues that the Act, if passed as introduced, will moot this action, which "offers further support for the Court to grant [Tumi's] Motion to Dismiss." *Id.* As Tumi admits, the Act is "still pending," and its ultimate form, as well as its prospects for enactment, are unknown. *Id.*

Unless and until the Act becomes law, in some form, this Court should base its disposition of Tumi's Motion on the statutory language of FACTA, as well as the existing FACTA jurisprudence, which is abundant, uniform and dispositive of Tumi's motion to dismiss.

### V. CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court deny Tumi's motion to dismiss in its entirety. Alternatively, Plaintiff requests leave to amend the Complaint.

Dated:  December 12, 2007                    Respectfully submitted,

                                                  Pierce Gore (State Bar No. 128515)
                                                  GORE LAW FIRM
                                                  900 East Hamilton Avenue
                                                  Suite 100
                                                  Campbell, CA  95008

                                                  By:  /s/ Pierce Gore
                                                      Pierce Gore

J. Brandon McWherter
Charles L. Holliday
Clinton H. Scott
SPRAGINS BARNETT & COBB, PLC
312 E. Lafayette Street
P.O. Box 2004
Jackson, TN 38302
(731) 424-0461
(731) 424-0562 (fax)

Justin S. Gilbert
GILBERT & RUSSELL, PLC
2021 Greystone Dr.
Jackson, TN 38305
(731) 664-1340
(731) 664-1540 (fax)

Don Barrett
David McMullan
DON BARRETT, P.A.
404 Court Square North
P.O. Box 987
Lexington, MS 39095
(662) 834-2376
(662) 834-2628 (fax)

Charles Barrett
BARRETT & ASSOCIATES, P.A.
6518 Highway 100
Suite 210
Nashville, TN 37205
(615) 515-3393
(615) 515-3395 (fax)

*Attorneys for Plaintiff*