SEDGWICK, DETERT, MORAN & ARNOLD LLP
STEPHANIE SHERIDAN  Bar No. 135910
ALISON WILLIAMS  Bar No. 251689
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
TUMI, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTOR GAMALY, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TUMI, INC.; DOES 1 through 10,<br><br>Defendant. | CASE NO. C07-04758 JF<br><br>**REPLY IN SUPPORT OF DEFENDANT TUMI'S MOTION TO DISMISS**<br><br>JUDGE:  Hon. Jeremy Fogel<br>DEPT:   3, 5th Floor<br>DATE:   February 15, 2008<br>TIME:   9:00 a.m. |

Defendant Tumi, Inc. ("Defendant" or "Tumi") submits this Reply in support of its Motion to Dismiss respecting the Complaint filed by Plaintiff Victor Gamaly ("Plaintiff").

**I.   INTRODUCTION**

The main issue before the Court is whether Tumi willfully violated the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), provision of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Plaintiff seeks to sue Tumi without any evidence or information of any conduct by Tumi supporting willfulness, essentially engaging in a fishing expedition to uncover some fact to uphold his otherwise unsupported willfulness claim. Plaintiff has chosen a statutory scheme requiring willfulness for recovery, and therefore must plead some facts supporting his conclusion that Tumi acted willfully.

Plaintiff's sole factual allegation with regard to Tumi is that Plaintiff was provided an

1  electronic receipt on which his credit card expiration date was printed in partial violation of
2  FACTA. Plaintiff does not allege that he or his purported class suffered any actual harm.
3  Plaintiff claims that in providing him with the allegedly non-compliant receipt, Tumi
4  acted willfully in violation of FACTA. Never in his complaint, however, does Plaintiff offer any
5  factual allegation that Tumi's actions were willful. If Plaintiff is not required to commit to facts
6  supporting an allegation of willfulness, the distinction for allowing Plaintiff to decide to bring a
7  claim for a willful, rather than a negligent, violation would be rendered meaningless.
8  In his opposition, Plaintiff merely reproduces his same factual allegations from his
9  complaint. And yet again, these factual allegations have no connection to Tumi or its alleged
10 willful violation of FACTA.
11 Plaintiff also relies heavily on a handful of recent trial court decisions in which FACTA
12 defendants' motions to dismiss were denied. These opinions are not binding on this Court, and
13 furthermore are not persuasive because they are distinguishable from the case at hand.
14 Additionally, Plaintiff calls attention to the fact that the Credit and Debit Card Receipt
15 Clarification Act of 2007 is not yet law, and therefore is not appropriate to govern this Court's
16 decision. Defendant does not dispute this contention, and merely endeavors that the language
17 and intent of the bill will offer the Court some insight into the meaning of the term "willfulness"
18 in the FACTA context.
19 As explained in Tumi's moving papers and herein, Plaintiff's Complaint fails because it
20 does not allege sufficient facts supporting its conclusions of willful conduct.

**II.   ARGUMENT**

 **A. Plaintiff Specifically Pleads a Willful Violation of FACTA Without Pleading Facts Showing Willfulness**

FCRA provides a remedy for both "willful" violations (Section 1681n) and negligent violations (Section 1681o). Section 1681n provides that any person who willfully fails to comply with the FCRA's requirements is liable for "actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A). Section 1681o, on the other hand, under which Plaintiff did not file his Complaint, provides that damage liability for negligent failure to comply with FCRA is limited to

1  "actual damages sustained by the customer as a result of the failure." 15 U.S.C. § 1681o(a)(1).

2  Here, Plaintiff alleges that Tumi committed solely willful violations of FACTA. *See* Complaint, ¶ 29. To support this contention, Plaintiff alleges that Tumi had knowledge of FACTA and chose to act in disregard of the law. *See* Complaint, ¶ 28. As intended proof of this knowledge, Plaintiff separately alleges that various entities began to inform unspecified retailers about the importance of truncating credit and debit card numbers. *See* Complaint, ¶ 10. Plaintiff admits, however, that this information was not necessarily FACTA-related. *See* Id. Plaintiff's Complaint states that this truncation information concerned compliance "with various state laws, with VISA or MasterCard policies and/or regulations, and/or with FACTA." *See* Id. Plaintiff further contends that VISA implemented its own new operating regulations in response to FACTA. *See* Id. The above is Plaintiff's sole basis on which he alleges Tumi had knowledge of FACTA, and Plaintiff's Opposition merely reiterates these alleged facts with direct quotations from the Complaint without further explanation. *See* Opposition, pp. 5-6.

Plaintiff's recitation of information that may or may not have specifically concerned FACTA is in no way connected to Tumi. Plaintiff's Complaint hastily jumps from the mere existence of this information to the allegation that Defendant ignored these alleged warnings and FACTA altogether. *See* Complaint, ¶ 10. Never once in the Complaint does Plaintiff venture to make a logical connection between FACTA, or even any information generally relating to truncation, and Tumi. *See* Id. In Plaintiff's Opposition he does go so far as to say that Tumi had "more than ample notice" of FACTA; however, this statement is both conclusory and beyond the scope of the allegations in the Complaint. *See* Opposition, p. 5.

Plaintiff's inability to plead a willful violation of FACTA renders his complaint defective. Under the Bell Atlantic pleadings standard, "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. __, 127 S. Ct. 1955, 1974 (2007). With regard to this standard, the Supreme Court further elaborated that, "a conclusory allegation of [an element of the claim] at some unidentified point does not supply facts adequate to show illegality." Id. at 1966. Here, Plaintiff's factual allegations focus on the information allegedly

1  provided to unknown retailers. These allegations are entirely independent from Plaintiff's
2  conclusory assertion that Tumi had knowledge of the FACTA provisions and willfully acted to
3  the contrary. When considering a Rule 12(b)(6) motion, courts will not assume that plaintiff
4  "can prove facts which he has not alleged, or that the defendants have violated . . .laws in ways
5  that have not been alleged." Associated General Contractors of California, Inc. v. California
6  State Council of Carpenters, 459 U.S. 519, 526 (1983). Accordingly, Plaintiff has not plead any
7  facts to support the conclusory allegation that Tumi committed a willful violation of FACTA,
8  and the Complaint should be dismissed in the present action.

**B. District Court Opinions Cited by Plaintiff are not Binding on this Court**

In support of its Opposition, Plaintiff relies heavily on a handful of recent trial decisions from among the more than 250 putative class actions alleging violations of FACTA. Plaintiff states, "[C]onsistent with the opinions in *Lopez, Ehrheart, Follman,* and *Iosello* this Court should also find that Plaintiff has alleged sufficient facts to form a plausible allegation that Tumi willfully violated FACTA, and deny Tumi's motion to dismiss." See Opposition, p. 8. Plaintiff overlooks the fact that these decisions are not binding on this Court. Any potential similarities aside, Defendant respectfully requests that this Court review this motion on its individual merit rather than concede to the opinions issued by other courts.

**C. District Court Opinions Cited by Plaintiff are Factually Distinct from this Case**

Plaintiff appeals to opinions denying motions to dismiss filed by Defendants in FACTA actions in its attempt to persuade this Court to act accordingly. Plaintiff states, "Courts in this district and nationwide have held that allegations such as those in Plaintiff's Complaint are more than sufficient to state a claim for willful violation of FACTA." See Opposition, page 6. These opinions are not persuasive, however, because the points on which they were decided are distinguishable from the issues presented here.

Plaintiff initially focuses on the order in Jennifer Lopez v. The Gymboree Corporation, 2007 U.S. LEXIS 44461 (N.D. Cal. June 8, 2007), decided by Judge Susan Illston here in the Northern District. In her opinion denying Defendant The Gymboree Corporation's

("Gymboree") Motion to Dismiss, Judge Illston discusses Gymboree's arguments relating to (1) allegations of willfulness, (2) vague and ambiguous statutory language, and (3) damages and harm suffered by Plaintiff Jennifer Lopez ("Lopez"), rejecting all three. Id., pp. 3 – 6. She concludes her analysis of Lopez's allegations of willfulness, which Tumi concedes are substantially similar to those pleaded in Plaintiff's Complaint, by stating, "Whether plaintiff can prove that defendant acted willfully is a different matter not appropriate for determination at this stage of the litigation." Id., p. 4. On this basis, she rejected Gymboree's argument that Lopez insufficiently alleged a willful violation FACTA. Id.

Tumi does not disagree with Judge Illston's decision that a plaintiff's ability to prove its allegations is not to be decided in a motion to dismiss. Tumi's argument, however, is not whether Plaintiff can prove that Tumi acted willfully, but whether Plaintiff has even made sufficient allegations to that effect. Defendant believes that he has not, and such an issue is appropriate for determination in a Rule 12(b)(6) Motion to Dismiss.

Similarly, the Ehrhart v. Lifetime Brands, Inc., 2007 U.S. LEXIS 56763 (E.D. Pa. July 19, 2007), opinion cited by Plaintiff concerns a case in which the complaint alleges that the defendant had been informed of the requirements of FACTA prior to the time of the alleged violation. In Ehrheart, for example, the plaintiff's complaint specifically alleges that the defendant was made aware of FACTA and its need to comply with the statutory requirements. *See* Complaint, ¶ 34. Accordingly, Judge Padova denied the defendant's motion to dismiss because "[t]he Complaint . . . alleges that Defendant knew of, or should have known of FACTA's requirements." *See* Ehrhart, pp. 6-7.

Iosello v. Leiblys LLC and Follman v. Hospitality Plus of Carpentersville, Inc. are distinguishable for the very same reason. Both plaintiffs allege, "Visa, MasterCard, and the PCI Security Standards Council . . . and other entities informed defendant . . . about FACTA." *See* Follman, Amended Complaint – Class Action, Case No. 07-C-2934 (N.D. Ill., filed May 24, 2007), at 6; Iosello, Complaint – Class Action, Case No. 07-C-2454 (N.D. Ill., filed May 2, 2007), at 5. On this specific basis, in conjunction with other allegations concerning publicity of FACTA and its requirements, the Leiblys Court concluded that the plaintiff's complaint

"plausibly suggest[ed]" that the defendant's failure to remove expiration dates from receipts was in willful violation of the law. Iosello, 2007 WL 2398474 (N.D. Ill. Aug. 22, 2007), at 2. For almost identical reasons, the Follman Court held that Plaintiff's allegations "plausibly suggest[ed] that defendant willfully violated the statute." Follman, Memorandum Opinion and Order, Case No. 07-C-2934 (N.D. Ill., Oct. 17, 2007), at 3.

Accordingly, despite Plaintiff's contention that this Court look to "the existing FACTA jurisprudence, which is abundant, uniform and dispositive of Tumi's motion to dismiss," none of the opinions relied upon by Plaintiff is actually on point and warrants this Court's deference thereto.

### D. Pending Legislation is Informative with Regard to Congressional Intent

Plaintiff's Opposition states that, "Unless and until the [Credit and Debit Card Receipt Clarification Act of 2007] becomes law, in some form, this Court should base its disposition of Tumi's Motion on the statutory language of FACTA, as well as the existing FACTA jurisprudence." *See* Opposition, p. 9. As this bill has yet to come law, Defendant of course does not suggest that this Court apply it as such in its consideration of Tumi's Motion to Dismiss. As this entire action is premised on the allegation that Tumi acted willfully in violation of FACTA, however, information such as a bill pending before Congress offers insight into the proper statutory application of the term. Congress, after all, is responsible for creating FACTA in the first place. Accordingly, Tumi respectfully requests that the Court note the legislative discrepancy with regard to the term "willful" in the FACTA statute.

### III. CONCLUSION

Defendant Tumi, Inc. respectfully requests an order from the Court dismissing the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) due to Plaintiff's failure to state a claim. Should Tumi's Motion to Dismiss this action be denied, Defendant respectfully requests that Plaintiff be required to amend his complaint to sufficiently plead a willful, as distinguished

///

///

1 | from a negligent, violation of FACTA.

2 | DATED: 2-1-08          SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _/s/ Alison A. Williams_
Stephanie Sheridan
Alison Williams
Attorneys for Defendant
TUMI, INC.