**E-filed 02/25/2008**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VICTOR GAMALY, on behalf of himself and others similarly situated<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>TUMI, INC., Does 1 through 10<br><br>　　　　　　　　　Defendants. | Case Number C-07-04758 JF<br><br>ORDER[1] DENYING DEFENDANT'S MOTION TO DISMISS AND SETTING BRIEFING SCHEDULE ON MOTION FOR STAY<br><br>[re: docket no. 7] |

　　　　Defendant Tumi, Inc. ("Tumi") moves to dismiss the complaint of Plaintiffs Victor Gamaly and others similarly situated (collectively, "Gamaly"). The Court heard oral argument on the motion on February 15, 2008. For the reasons set forth below, the motion will be denied.

**I. LEGAL STANDARD**

　　　　A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in

---

[1] This disposition is not designated for publication and may not be cited.

the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, the court is not required "to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996). On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995).

Recently, in *Bell Atlantic Corp. v. Twombly*, 127 S Ct. 1955 (2007) ("*Bell Atlantic*"), the Supreme Court held that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 1964-65 (citations and quotation marks omitted). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Id.* at 1965.

## II. DISCUSSION

Gamaly seeks to bring a class action brought pursuant to the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"), 15 U.S.C. § 1681 c(g) that amends several provisions of the Fair Credit and Reporting Act ("FCRA"). 15 U.S. C. §1681, *et. seq.* Section 1681c(g) of FACTA prohibits persons engaged in a credit card transaction from electronically printing on the receipt more than the last five numbers of the credit card number or the expiration date. 15 U.S.C. § 1681c(g). Gamaly alleges that Tumi violated Section 1681c(g) when, on or about August 1, 2007, Tumi printed the expiration date of Gamaly's credit card on a receipt provided to Gamaly at a point of sale transaction at Tumi's store in San Jose. Complaint at ¶ 11. Gamaly

brings this action on behalf of himself and a putative nationwide class of consumers who were provided receipts from Tumi that violated FACTA.

Gamaly does not allege actual damages, but instead seeks to recover only statutory and punitive damages under Section 1681n of FCRA. That section provides that any person who willfully fails to comply with the statute is liable for "actual damages sustained by the customer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A).[2]

Tumi contends that Gamaly has not alleged sufficiently that Tumi violated FACTA willfully. Specifically, Tumi argues that Gamaly "fails to plead even a single fact specific to Tumi to support his claim" and contends that *Bell Atlantic's* "stricter pleading standards" mandate dismissal of Gamaly's complaint. Memo. at 3. Tumi also asserts that pending legislation in Congress relating to proposed amendments to FACTA likely will moot Gamaly's claims in the near future.

The complaint alleges that the effective date by which companies were required comply with FACTA depended on the date a cash register was put into use. Complaint at ¶ 9. For cash registers in use before January 1, 2005, Congress gave companies significant additional time to comply with FACTA. *Id.* For those cash registers, the effective date of compliance was December 4, 2006. *Id.* With respect to cash registers first put into use on or after January 1, 2005, Congress imposed liability immediately. *Id.*

The complaint further alleges:

> In addition, years ago, VISA, MasterCard, and other entities, including Cash Register sellers, began informing *retailers* of the need to truncate credit and debit card information to comply with various state laws, with VISA or MasterCard policies and/or regulations, and /or with FACTA. Indeed, VISA implements new operations regulations, applicable to new Cash Registers, as early as July 2003, in response to legislation requiring suppression of the expiration date and some digits on cardholder receipts, requiring similar suppression of such information for VISA transactions. Defendants ignored all of these warnings, as well as the

---

[2] A private citizen may sue for either negligent or willful FACTA violations. 15 U.S.C. § 1681o (negligent); 15 U.S.C. § 1681n (willful). For negligent violations, the plaintiff is entitled to recover any actual damages, plus costs of suit and reasonable attorney's fees. 15 U.S.C. § 1681o(a).

      requirements of FACTA itself, and continued to print Prohibited Information on customer receipts. In contrast, most business and retail companies in the United States–particularly large, sophisticated entities like Defendants–elected to take the steps needed to replace, modify or re-program their Cash Registers in order to comply.

Complaint at ¶ 10 (emphasis added).

      The complaint alleges that since January 1, 2005, Tumi has printed the expiration date and/or printed more than the last five digits of class members' credit cards on the receipts provided to the class members and that to the extent Tumi did so using cash registers that were put in use on or after January 1, 2005, it violated 15 U.S.C. § 1681c(g). Complaint at ¶ 13. It is further alleged that on or after December 4, 2006, Tumi printed the expiration dated and/or the last five digits of credit card numbers on receipts and that each and every such receipt violated 15 U. S. C. § 1681c(g), regardless of when the cash register was put into use. *Id.* Finally, the complaint alleges that Tumi acted knowingly and intentionally, in violation of Section 1681c(g). Complaint at ¶ 15.

      In order to be willful for purposes of 15 U.S.C. § 1681(n)(a), a defendant's violation of FACTA must have been either knowing or reckless. *Safeco Ins. Co. of Am. v. Burr,* 127 S. Ct. 2201, 2208 (2007). "A company subject to the FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statue's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading was merely careless." *Id.* at 2215.

      Taking the allegations in the complaint as true, a reasonable inference of willfulness may be drawn. Gamaly alleges that FACTA gave merchants significant time to comply with its requirements. Complaint at ¶ 9. He assets that Tumi willfully violated the law because several years ago, VISA, MasterCard, and other entities informed *retailers* such as Tumi about FACTA requirements. *Id.* at ¶ 10. According to Gamaly, these credit card companies implemented policies as early as July 2003 to suppress digits and expiration dates on credit card receipts. *Id.* Additionally, Tumi's business peers and competitors complied with FACTA and Tumi readily could have complied as well. *Id.* Gamaly thus alleges that despite knowing and being informed repeatedly about FACTA's requirements and its importance in protecting consumers from

4

1  identity theft, and despite having adequate time to comply, Tumi willfully violated the statute. *Id.*
2  at ¶ 15.
3        Other courts, both before and after the decision in *Bell Atlantic*, have held that allegations
4  nearly identical to those in Gamaly's complaint are sufficient to support an inference of
5  willfulness at this stage of the proceedings. *See Lopez v. Gymboree Corp.*, 2007 WL 1690886,
6  *2 (N.D. Cal. June 8, 2007); *Ernheart v. Lifetime Brands, Inc.* 2007 U.S. LEXIS 56763, *6( E.D.
7  Pa. July 19, 2007); *Follman v. Hospitality Plus of Carpentersville, Inc.,* 2007 U.S. Dist. LEXIS
8  77440, *4 (N.D. Ill. October 17, 2007); and *Ramirex v. MGM Mirage, Inc.*, 524 F.Supp.2d 1126,
9  1233 (D.Nev. December 3, 2007).  Accordingly, Tumi's motion to dismiss will be denied.
10       At the hearing, Tumi raised the issue of staying the instant case pending the outcome of a
11 decision by the Ninth Circuit in *Soualian v. International Coffee & Tea, LLC*, and Congressional
12 action on the Credit and Debit Card Receipt Clarification Act of 2007, which was introduced into
13 Congress on October 30, 2007.  Tumi noted that Judge Illston has issued a stay in *Lopez v.*
14 *Gymboree Corp.*, C07-087 (N.D. Cal. Nov. 1, 2007).  As noted above, *Lopez* contains allegations
15 nearly identical to the instant case.  In *Lopez*, Judge Illston noted that "the Ninth Circuit's
16 decision [in *Soualian*] is likely to illuminate the issues surrounding class certification."
17 Accordingly, she determined that is was not preferable to adjudicate the plaintiff's motion for
18 class certification prior to the Ninth Circuit's decision in *Soualian.*  For the same reasons, a brief
19 stay in the instant case would appear to promote judicial economy.  However, Gamaly has not
20 had an opportunity to brief the issue.  Accordingly, the Court requests that on or before February
21 29, 2008 the parties submit simultaneous letter briefs as to whether a stay should not be issued in
22 the instant case.  The briefs should not exceed five (5) pages in length.  The Court will then take
23 the instant motion for stay under submission and issue an order without further oral argument.
24
25 IT IS SO ORDERED.
26
27 DATED: February 25, 2008
                                            JEREMY FOGEL
28                                             United States District Judge

1  Copies of this Order have been sent to:

2  Ben F Pierce Gore   piercegore@gorelawfirm.com

3
   Stephanie Anne Sheridan   stephanie.sheridan@sdma.com
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6
Case No. C-07-04758 JF
ORDER DENYING DEFENDANT'S MOTION TO DISMISS ETC.
(JFLC3)