

One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Tel: 415.781.7900  Fax. 415.781.2635

www.sdma.com

February 29, 2008

The Honorable Jeremy Fogel
**UNITED STATES DISTRICT COURT,**
  **NORTHERN DISTRICT OF CALIFORNIA**
280 South First Street
Courtroom 3, 5th Floor, San Jose Division
San Jose, CA  95113

Re:  *Victor Gamaly v. Tumi, Inc.*, U.S.D.C., Northern District Case No. 5:07-CV-4758
     Defendant's Letter Brief in Support of Staying the Proceedings

Dear Judge Fogel:

Defendant Tumi, Inc. ("Tumi") submits this letter brief in support of a brief stay of this action pending the Ninth Circuit's Review in *Soualian v. International Coffee & Tea, LLC* or the passage of H.R. 4008, as requested in the Court's February 25, 2008 Order Denying Defendant's Motion to Dismiss and Setting Briefing Schedule on Motion for Stay, in support of a stay of proceedings in *Gamaly v. Tumi, Inc.*, Case No. C-07-04758 JF.

## I. THE NINTH CIRCUIT'S REVIEW OF SOUALIAN V. INT'L COFFEE & TEA, LLC

In *Soualian v. International Coffee & Tea, LLC*, CV 07-502-RGk (JCx) (C.D. Cal) or 07-80100 (9th Cir.), Plaintiff alleged defendant provided her with an electronically-printed receipt in violation of the Fair and Accurate Credit Transactions Act ("FACTA"). The Central District of California denied class certification on the basis that the class lacked predominance and superiority as required by Rule 23 of the Federal Rules of Civil Procedure. Specifically, the district court held that imposing enormous statutory damages on defendant, when plaintiff suffered no actual damages, would yield disproportionate consequences and an unjust result.

On September 13, 2007, the Ninth Circuit granted a petition to review the district court's denial of class certification in *Soualian*.

SF/1490138v1

Austin · Bermuda* · Chicago · Dallas · Houston · London · Los Angeles · New York · Newark · Orange County · Paris · San Francisco · Zurich

The Honorable Jeremy Fogel
Re:  *Victor Gamaly v. Tumi, Inc.*
     U.S.D.C., Northern District Case No. 5:07-cv-4758
February 29, 2008
Page 2.

### A.    The Court has Broad Discretion to Issue a Stay

It has been long recognized that trial courts have broad discretion in managing the cases before them. *Landis v. North Am. Co.*, 299 U.S. 248, 57 S.Ct. 163 (1936). In *Landis*, the Supreme Court explained, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. In this regard, the Ninth Circuit has declared:

> [a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

Leyva v. Certified Grocers of Cal. Ltd., *593 F.2d 857, 863-64 (9th Cir. 1979).*

To determine whether a stay is appropriate, the district court must weigh "competing interests" including: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

### B.    A Stay is Favorable to Promote Judicial Economy

In the case at hand, a stay of proceedings would promote judicial economy. By issuing a stay, the Court will ensure any wasteful (and potentially duplicative) motion practice and discovery is avoided.

The Ninth Circuit's decision in *Soualian* will resolve important questions relevant to all FACTA litigation. In particular, the ruling will shed light on the scope of FACTA in the context of class action suits. If the Court were to consider the issue of class certification without the benefit of the Ninth Circuit's ruling on *Soualian*, there is a risk that the Court's decision will be at odds with the Ninth Circuit's holding, which may require the Court to revisit the issue of class certification, resulting in a substantial waste of judicial resources, as

The Honorable Jeremy Fogel
Re:   *Victor Gamaly v. Tumi, Inc.*
      U.S.D.C., Northern District Case No. 5:07-cv-4758
February 29, 2008
Page 3.

well as the time and resources of the parties and their counsel. By issuing a stay, the Court will conserve considerable expense and effort for the litigants and the court.

### C.   A Stay Will Not Damage Plaintiff but Not Staying the Case will Prejudice Defendant

No possible damage could result from granting a stay in this case. Plaintiff has admittedly suffered no actual damages in this case. To briefly stay the case until the Ninth Circuit has illuminated the issues presented in *Soualian* would not result in damage to Plaintiff. On the other hand, plaintiff has already served discovery demands on defendant that will be time consuming, burdensome, and expensive to respond to. Since the bulk of the requests are directed at class issues, all the time and expense to prepare responses will be wasted if *Soualian* affirms that FACTA cases are not appropriate to proceed as class actions. Tumi submits that a stay in this proceeding would be advantageous to both parties, and a prudent use of resources.

### D.   Other Courts Have Stayed FACTA Proceedings Pending *Soualian* on the Same Basis Defendant Here Has Requested

Judges in both the Northern and Central Districts of California have issued stays in FACTA actions, pending the Ninth Circuit's decision in *Soualian*.[1]

In *Moon v. FedEx Kinkos*, Case No. 06-CV-7657 (N.D. Cal. Jan. 9, 2008), Judge Illston ruled, "it is in the interest of judicial economy to stay this case pending the decision in *Soualian*. The court agrees with defendant that the Ninth Circuit's decision is likely to illuminate the issues surrounding class certification, and relatedly, the appropriate scope of discovery." Judge Illston similarly stayed the proceedings in *Lopez v. Gymboree Corp.*, C07-087 (N.D. Cal. Nov. 1, 2007).

In the Central District, Judge Feess has stayed proceedings in *Arcilla v. Adidas Promotional Retail Operations, Inc.*, Case No. 07-CV-0211 (C.D. Cal. Aug. 13, 2007), concluding that "the interests of judicial economy and efficiency, as well as the potential costs that may be avoided by the parties in this case, favor a stay of these proceedings

---

[1]   Attached hereto is a listing of 18 other FACTA cases that have been stayed. This list may not be comprehensive of all FACTA matters within the Ninth Circuit that have been stayed, but it is certainly representative of the trend towards stays.

The Honorable Jeremy Fogel
Re:   *Victor Gamaly v. Tumi, Inc.*
      U.S.D.C., Northern District Case No. 5:07-cv-4758
February 29, 2008
Page 4.

pending the Ninth Circuit's review of [*Soualian*]." Proceedings also are stayed in at least three FACTA suits pending before Judge Wu, either by court order or stipulation by the parties. *See, e.g. Pirian v. In N Out Burgers*, Case No. 06-CV-1251; *Saunders v. Fuddruckers, Inc.*, Case No. 07-CV-0953; *Soualian v. Barneys NY*, Case No. 07-CV-0558. *See also, Saunders v. The Johnny Rockets Group, Inc.*, 07-CV-0172 CJC (ANv) (C.D. Cal.).

Accordingly, there is a judicious trend toward granting a stay of proceedings in FACTA cases, pending the Ninth Circuit's decision in *Soualian*. The Court should likewise stay the proceedings in this case, in the interest of judicial economy and to protect the litigants from being forced to expend resources in discovery and other activities that may be rendered moot by the *Soualian* decision.

## II.   THE PASSAGE OF H.R. 4008

District courts have also stayed proceedings in consideration of pending legislation that could potentially amend the law at issue. *Breeden v. Kaiser Aluminum & Chemical Corp.*, 2007 WL 1461290, Case No. CV-05-363-LRS, at *1 (E.D. Wash. May 16, 2007).

On October 30, 2007, the Credit and Debit Card Receipt Clarification Act of 2007, H.R. 4008, was introduced into Congress and, if enacted, would clarify the term "willful noncompliance" under the Fair Credit Reporting Act ("FCRA")[2] to exclude any person who printed a receipt with an expiration date, so long as the account number was properly truncated in accordance with FACTA. The amendment would apply to <u>any action brought from a violation of FACTA that has not become final</u>. Therefore, passage of H.R. 4008 would make this case completely moot because defendant Tumi did properly truncate its receipts at all relevant times and plaintiff here has only alleged that Tumi violated FACTA by "print[ing] the expiration date of Plaintiff's credit card on a receipt provided to Plaintiff at the point of sale or transaction between Plaintiff and Tumi, at Tumi's store in San Jose." Complaint at ¶11. Plaintiff's Complaint, therefore, represents exactly the type of allegations that H.R. 4008 was drafted to nullify. If passed, H.R. 4008 would resolve the issues presented in this lawsuit in Tumi's favor. Accordingly, the new law would be absolutely dispositive of this case, and any unnecessary expenditures of time, energy and money in this action should be avoided until the legislature has had an opportunity to consider passage of H.R. 4008.

---

[2]   The FCRA is codified at 15 U.S.C. § 1681 *et seq.* and includes §1681c(g) of FACTA.

The Honorable Jeremy Fogel
Re: *Victor Gamaly v. Tumi, Inc.*
   U.S.D.C., Northern District Case No. 5:07-cv-4758
February 29, 2008
Page 5.

It is my understanding that H.R. 4008 is progressing in the House of Representatives, with over 30 co-sponsors at last count. The draft bill is postured to be before the House for vote by late May or early June. Regardless, the momentum behind H.R. 4008 shows a significant movement towards protecting against unnecessary FACTA litigation, especially where the plaintiff has suffered no actual risk of identify theft, and admittedly no damages whatsoever.

### III. CONCLUSION

The Ninth Circuit's upcoming review of *Soualian* will address and clarify the very issues at the core of this litigation, and potential passage of H.R. 4008 will moot this entire case. A stay of proceedings, therefore, will promote judicial economy and could avoid a potentially enormous waste of time and resources. Such a stay will not damage Plaintiff, is consistent with similar rulings in the Northern and Central Districts, and will save defendant from expending substantial efforts to respond to discovery demands that may be rendered moot in a short amount of time.

Accordingly, the Court should grant a stay of proceedings, pending the Ninth Circuit's review in *Soualian* or the passage of H.R. 4008.

Very truly yours,

Stephanie Sheridan
SEDGWICK, DETERT, MORAN & ARNOLD LLP

SAS|rdg

- *Aeschabaher v. California Pizza Kitchen*, Case No. 07-CV-0215 (C.D. Cal), Judge Jeffrey W. Johnson

- *Bateman v. American Multi Cinema et al.*, Case No. 07-CV-0171 (C.D. Cal), Judge Florence-Maxine Cooper

- *Edwards, et al. v. Toys R Us – Delaware*, Case No. 06-CV-08163 (C.D. Cal), Judge Margaret M. Morrow

- *Kazarian v. French Connections Group, et al.*, Case No. 07-CV-01741 (C.D. Cal), Judge Gary A. Feess

- *Libman v. Bebe Stores, Inc.*, Case No. 07-CV-00972 (C.D.. Cal), Judge Aubrey B. Collins

- *Lopez v. Gymboree Corp.*, Case No. 07-CV-087 (N.D. Cal), Judge Susan Illston

- *McGee v. Ross Stores, Inc.*, Case No. 06-CV-7496 (N.D. Cal), Judge Charles R. Breyer

- *Moon v. FedEx Kinkos*, Case No. 06-CV-07657 (N.D.Cal), Judge Susan Illston

- *Negri v. MCS Burbank LLC, et al.*, Case No. 07-CV-00212 (C.D. Cal), Judge Dean D. Pregerson

- *Pirian v. In N Out Burgers, et al.*, Case No. 06-CV-1251 (C.D. Cal), Judge George Wu

- *Ridge v. American Airlines, Inc.*, Case No. 07-CV-03630 (C.D. Cal), Judge George Wu

- *Sadrieh v. M.A.C. Cosmetics, Inc.*, Case No. 07-CV-2205 (C.D. Cal), Judge Dean D. Pregerson

- *Saunders v. Claim Jumper Enterprises, Inc.*, Case No.07-CV-0168 (C.D. Cal), Judge David O. Canter

- *Saunders v. Fuddrukers, Inc.*, Case No. 07-CV-0953 (C.D. Cal), Judge George Wu

- *Saunders v. Roy's/Woodland Hills-1, et al.*, Case No. 07-CV-0164 (C.D. Cal), Judge Cormac J. Carney

- *Saunders v. The Johnny Rockets Group, Inc.*, Case No. 07-CV-0172 (C.D. Cal), Judge Cormac J. Carney

- *Soualian v. Barneys NY, et al.*, Case No. 07-CV-0558, (C.D. Cal), Judge George Wu

- *Tilzer v. Urban Outfiters, et al.*, Case No. 07-CV-0106 (C.D. Cal), Judge George Wu